IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VIOLA RANDELL,                )
                              )
            Plaintiff,        )
                              )
    v.                        )   No.  05 C 6183
                              )
JOHN E. POTTER, et al.,       )
                              )
            Defendants.       )

MEMORANDUM OPINION AND ORDER

Viola Randell ("Randell") has charged Postmaster General John E. Potter and the United States Postal Service (for convenience collectively spoken of as "Postal Service," treated as a singular noun) with employment discrimination ascribable to her sex, in asserted violation of Title VII of the Civil Rights Act of 1964 ("Title VII," 42 U.S.C. §§2000e to 2000e(17)). Postal Service has moved for summary judgment on that claim under Fed. R. Civ. P. ("Rule") 56. For the reasons stated in this memorandum opinion and order, its motion is granted.

Summary Judgment Standard

Every Rule 56 movant bears the burden of establishing the absence of any genuine issue of material fact (Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). For that purpose courts consider the evidentiary record in the light most favorable to nonmovants and draw all reasonable inferences in their favor (Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir. 2002)). But to avoid summary judgment a nonmovant "must produce

more than a scintilla of evidence to support his position" that a genuine issue of material fact exists (Pugh v. City of Attica, 259 F.3d 619, 625 (7th Cir. 2001)).  Ultimately summary judgment is appropriate only if a reasonable jury could not return a verdict for the nonmovant (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  What follows, then, is a summary of the facts viewed in the light most favorable to Randell.[1]

### Background

Before her retirement in 2005 Randell was employed at the Postal Service for some 38 years, holding supervisory positions at Chicago's main post office, the Cardiss Collins facility ("Facility") since 1986 (P. St. ¶1).  From 1997 until her retirement she held the position of "Manager Distribution Operations (MDO) EAS-20"(id.).

In July 2000 the "District Office" (which administers the Facility where Randell worked) posted a vacancy announcement for an "MDO EAS-24" position (P. St. ¶¶2-7).  After applying for that position, Randell was recommended for the job by Lewis Woodall and Patrick Farrell ("Farrell") on behalf of the District Office

---

[1] This District Court's LR 56.1 implements Rule 56 by requiring the submission of evidentiary statements and responses to such statements to highlight which facts are in dispute and which are not.  This opinion will cite Postal Service's LR 56.1 statement as "P. St. ¶--" and its memorandum of law as "P. Mem." Randell's LR 56.1 responsive statement (including her statement of additional facts) will be cited as "R. St. ¶--" and her memorandum as "R. Mem."

2

(P. St. ¶11). Under the Postal Service procedure the District Office recommends an applicant to the "Area Office" (the next administrative unit up the chain) for final approval (P. St. ¶¶2, 7, 11, 12). After months of no action on Randell's application, Farrell inquired of District Human Resources Manager John Richards what the problem was (P. St. ¶13). As it turned out, the Area Office never gave Randell's promotion final approval because the vacancy for which she was applying was cancelled (P. St. ¶15).

According to the Postal Service, the Area Office had followed its general procedures when, having determined that the quantity of work at the Facility did not justify filling that position (which had been vacated by another employee), it cancelled the job vacancy (P. St. ¶¶3, 14, 15). Indeed, that position was never filled, nor has the Postal Service promoted <u>any</u> new MDO EAS-24 positions at the Facility since that time (P. St. ¶17).

Those circumstances were out of the ordinary, however, in that it was the only time at the Facility since at least 1993 that such a job vacancy was posted by the District Office followed by interviews for the position, but was later cancelled by the Area Office (R. St. ¶31). And Randell did not receive notice of the cancellation of the position (and hence notice that she would not receive her promotion) for several months after her

interview (R. St.¶20).

Those circumstances, coupled with Randell's observations that eight of the nine MDO EAS-24 positions at the time were held by men (R. St. ¶21), led her to believe that something was rotten in the state of Denmark. So in August 2002 Randell communicated with a Postal Service Equal Employment Opportunity ("EEO") counselor, asserting that she was denied her promotion due to unlawful discrimination on account of her sex (as relevant here) (P. St. ¶18). That complaint led to an in-house proceeding, at the conclusion of which an Equal Employment Opportunity Commission administrative law judge granted summary judgment in favor of Postal Service on that claim, and Randell received her right-to-sue letter (P. St. ¶18) This action followed.

## Exhaustion of Administrative Remedies

Before this opinion reaches the merits, it is necessary to clear away (or, as it turns out, to simply skirt) some underbrush. P. Mem. 6-8 first argues that the Postal Service is also entitled to summary judgment here because Randell failed to exhaust the administrative remedies set out in 29 C.F.R. ("Reg.") §1614.105. Reg. §1614.105(a)(1) requires that before a federal employee (including a Postal Service employees such as Randell) may bring a Title VII suit, she must "initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within

45 days of the effective date of the action" (see Smith v. Potter, 445 F.3d 1000, 1006-07 (7th Cir. 2006)).  If a Postal Service employee fails to meet the Reg. §1614.105 requirements, Postal Service is entitled to summary judgment (id. at 1010).

As Postal Service has demonstrated, there is a real question as to whether or not Randell met those requirements (P. Mem. 8). That being so, it is surprising that Randell's response chose to ignore Postal Service's argument entirely.  Nonetheless, because it appears that there may be a question of fact as to when Randell received "unequivocal notification" (Smith, 445 F.3d at 1007) of the personnel action that denied her the promotion, and because any such questions must be viewed in the light most favorable to Randell, this Court opts not to decide that issue without the benefit of full briefing by the parties.  Instead this action is readily dispatched on other grounds.

## Randell's Substantive Claim

Under Title VII it is unlawful for an employer to deny an employee a promotion because of her sex (see, e.g, Jordan v. City of Gary, 396 F.3d 825, 831 (7th Cir. 2005)).  Under principles well known to any practitioner in this area of the law (see, e.g., Phelan v. Cook County, 463 F.3d 773, 779 (7th Cir. 2006)), an employee may oppose an employer's motion for summary judgment by adducing evidence that supports an inference of discrimination via the "direct method" (which may involve "either direct or

5

circumstantial evidence of discrimination" (id.)) or that brings into play the burden-of-production-shifting "indirect method" first presented in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Because Randell implies in R. Mem. 6-7 that she seeks to proceed solely by the indirect method, this opinion will address that route first. For that purpose a plaintiff's prima facie case may take somewhat different forms depending on the type of discrimination claim being made (Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)). In a failure-to-promote case such as the one at hand, to make her prima facie case a plaintiff must point to evidence showing[2] (Jordan, 396 F.3d at 833):

> (1) she is a member of a protected class; (2) she is qualified for the position; (3) she was rejected for the position sought; and (4) the position was granted to a person outside the protected class who is similarly or less qualified than [she is].

Randell is correct that there is no dispute as to her ability to meet those first two elements. Randell also did not receive the position that she had applied for (R. St. ¶34).

---

[2] In the summary judgment context Randell's burden is only one of demonstrating the existence of genuine issues of material fact, not one of proof as such (see Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1124 (7th Cir. 1994)). But any continued repetition of that burden involves an awkward locution, an awkwardness contributed to by the fact that so much of the caselaw speaks of what a party responding to a Rule 56 motion must "establish" or "prove" or "show." Whenever this opinion employs such terms, it should therefore be understood as denoting only Randell's lesser burden described in this footnote, not the actual burden of persuasion.

6

While the fact that she was recommended for the position but did not receive it when the position was cancelled (P. St. ¶¶11, 15) is not exactly the same as being "rejected for the position sought," the third element may fairly be viewed as met as well. So the real problem with her claim comes with the fourth element.

There is no dispute about the fact that no one ever filled the position that Randell was seeking (P. St. ¶17). And the uncontroverted evidence refutes any possible contention that "the position remained open and the employer continued to seek applicants from persons of [her] qualifications" (McDonnell Douglas, 411 U.S. at 802). Quite to the contrary, the uncontested evidence shows that her sought-after position was cancelled and that Postal Service has consistently reduced the number of positions in the same job classification since that time (P. St. ¶17). Finally, the record is devoid of any evidence that Postal Service has hired a man into a comparable MDO EAS-24 position at that Facility since Randell's "rejection." Without such evidence, Randell simply cannot create an inference of unlawful sex-based discrimination via the McDonnell Douglas indirect method.

It is also clear that even were Randell able to make her prima facie case (and she cannot), Postal Service has come forward with a legitimate, non-discriminatory explanation for its employment action. According to Postal Service, the potential

7

position was cancelled because the Facility did not have sufficient work to justify filling it (P. St. ¶15). That being the case, the burden is also on Randell to adduce evidence that Postal Service's proffered reason is a mere lie serving as pretext for discrimination (Jordan, 396 F.3d at 834).

None of the evidence presented by Randell suggests that Postal Service's explanation lacked a factual basis or that it was not the "real" reason or that it did not justify failing to promote her (see Johnson v. Nordstrom, Inc., 260 F.3d 727, 732 (7th Cir. 2001)). Randell's own opinion that there was indeed sufficient work to require an additional MDO EAS-24 (R. St. Ex. 1 at 102) does not suggest that Postal Service's opposite assessment, even if it had been mistaken (a hypothesis as to which there is no evidence at all), was dishonest (Jordan v. Summers, 205 F.3d 337, 343 (7th Cir. 2000)). For that reason as well, Randell cannot prevail under the indirect McDonnell Douglas method.

With the indirect route thus having reached a dead end, Randell could succeed only via the direct method--and that means she would have to adduce direct evidence (that is, an unlikely admission by Postal Service) or circumstantial evidence that one of Postal Service's managers was motivated by a discriminatory animus towards women in denying Randell's promotion (see Jordan, 396 F.3d at 832). Such circumstantial evidence "may consist of

'ambiguous statements, suspicious timing, discrimination against other employees, and other pieces of evidence none conclusive in itself but together comprising a convincing mosaic of discrimination against the plaintiff'" (Adams v. Wal-Mart Stores, Inc., 324 F.3d 935, 939 (7th Cir. 2003), quoting Troupe v. May Dep't Stores Co., 20 F.3d 734, 737 (7th Cir. 1994)).

Randell has not succeeded in identifying a genuine issue of material fact under the direct method either. First, there is no admission by any individual at Postal Service amounting to direct evidence of discrimination. As to circumstantial evidence, Randell offers the affidavits of two other female workers at the Facility who were passed over for promotions in favor of men (R. St. ¶¶22-25). But that alone, without any evidence (for example) that those two female workers were more qualified than their male counterparts for the promotions, simply does not create an inference of discrimination. Similarly, Randell's observation of another instance in 1998, when a male employee was promoted past a female employee whom Randell believed to have more seniority, is also insufficient (R. St. ¶19). Such "unsupported speculation" (Adams, 324 F.3d at 939) about a discriminatory animus behind those employment actions cannot make Randell's case.

Finally, Randell attempts to provide evidence that similarly situated male employees at Postal Service have "received

9

systematically better treatment" (Troupe, 20 F.3d at 736) than female employees. That evidence is wholly statistical: from 1992 to 2001 four of the five people promoted to MDO EAS-24 positions at the Facility were men, and in July 2000 only one of the nine individuals in MDO EAS-24 positions was female (R. St. ¶¶21, 26). But once again such skeletal information is not coupled with even an attempted showing as to how those raw numbers came about--such as the numbers of applicants of each sex for the filling of those positions, or such as their comparability in aspects such as qualifications, seniority and work performance (see Walker v. Bd. of Regents, 410 F.3d 387, 395-96 (7th Cir. 2005)). Under the totality of circumstances--importantly including the unrefuted evidence that Postal Service has not actually filled any MDO EAS-24 positions at the Facility at the time that Randell applied or in the years since then--Randell's attempted construction of a mosaic is many pieces short of creating an inference of discrimination (just as was the case in Jordan, 396 F.3d at 832-33).

## Conclusion

Because Randell has not adduced evidence creating any genuine issue of fact that, when resolved in her favor, could create a legitimate inference of discrimination, she cannot overcome Postal Service's motion for summary judgment. For that reason, Postal Service is entitled to a judgment as a matter of

law. Its Rule 56 motion is granted, and this action is dismissed.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: December 18, 2006